Luis A. Carrillo, Esq., SBN 70398
Michael S. Carrillo, Esq., SBN 258878
**CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380
Email: lac4justice@gmail.com
        mc@carrillofirm.com

Denisse O. Gastélum, SBN 282771
Selene Estrada-Villela, SBN 354994
**GASTÉLUM LAW, APC**
**A PROFESSIONAL CORPORATION**
3767 Worsham Ave.
Long Beach, California 90808
Tel: (213) 340-6112
Fax: (213) 402-8622
Email: dgastelum@gastelumfirm.com
        sestradavillela@gastelumfirm.com

Attorneys for Plaintiff, L.L.

Richard A. Jorgensen, SBN 200618
**JORGENSEN & SALBERG, LLP**
15137 Woodlawn Avenue
Tustin, CA 92780
Tel: (949) 851-9900

Attorneys for Defendant, DIEGO SANCHEZ

[Additional counsel on following page]

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.L., an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>BEAUMONT POLICE DEPARTMENT, a public entity; CITY OF BEAUMONT, a public entity; CHIEF SEAN THUILLIEZ, individually; DIEGO SANCHEZ, individually, and DOES 1 through 10, individually, jointly and severally,<br><br>            Defendants | **CASE NO.: 5:25−cv−00546 SSS (DTBx)**<br>(*Case Assigned to Honorable Sunshine Suzanne Sykes, District Judge; Honorable David T. Bristow, Magistrate Judge*)<br><br>***DISCOVERY MATTER***<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**<br><br>**Action Filed:** February 28, 2025 |

1  Eugene P. Ramirez, Esq., SBN 134865
   **MANNING & KASS ELLROL, RAMIREZ, TRESTER LLP**
2  225 Broadway, Suite 1200
   San Diego, CA 92101
3  Phone: (619) 515-0269
4  Fax: (619) 515-0268
   Email: eugene.ramirez@manningkass.com
5  Email: Kayleigh.anderson@manningkass.com
6  Email: eugene.hanrahan@manningkass.com
7  Attorneys for Defendants, City of Beaumont,
   Beaumont Police Department, and Chief Sean Thuilliez
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

## 1.   PURPOSES AND LIMITATIONS/GOOD CAUSE STATEMENT

### A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to a confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B. GOOD CAUSE STATEMENT

Plaintiffs and the individual Defendants may produce certain documents in this case that contain personal medical, employment or financial information. Such information may implicate the privacy interests of the party and are properly protected through a Fed. R. Civ. P. 26(c) protective order. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) ("Rule 26(c) includes among its express purposes the protection of a 'party or person from annoyance, embarrassment, oppression or undue burden or expense.' Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule."); *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995) (a party's privacy rights are to be protected through a "carefully crafted protective order.").

As Plaintiffs are seeking and Defendants may produce, among other things, internal, security sensitive, third party and law enforcement private and confidential

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

information, administrative, personnel and institutional documents, which contain sensitive information that the City of Beaumont believes need special protection from public disclosure. The documents identified in this Protective Order, which Defendants believe in good faith constitute or embody confidential information which the City of Beaumont maintains as strictly confidential and are otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, are therefore entitled to heightened protection from disclosure.

**2.      DEFINITIONS**

2.1     Action: this pending federal law suit.

2.2     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items:  information (regardless of the medium or how generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as specified above in the Good Cause Statement, and other applicable federal privileges.

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

2.8     House Counsel:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any part to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    Any use of Protected Material at trial shall be governed by the Orders of the trial

2   judge. This Order does not govern the use of Protected Material at trial.

3   **4.    DURATION**

4    Once a case proceeds to trial, all of the information that was designated as

5   confidential or maintained pursuant to this protective order used or introduced as an

6   exhibit at trial becomes public and will be presumptively available to all members of

7   the public, including the press, unless compelling reasons supported by specific factual

8   findings to proceed otherwise are made to the trial judge in advance of the trial. *See*

9   *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006)

10  (distinguishing "good cause" showing for sealing documents produced in discovery

11  from "compelling reasons" standard when merits-related documents are part of court

12  record). Accordingly, the terms of this protective order do not extend beyond the

13  commencement of the trial except as outlined in this Section.

14  **5.    DESIGNATING PROTECTED MATERIAL**

15    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

16  Each Party or Non-Party that designates information or items for protection under this

17  Order must take care to limit any such designation to specific material that qualifies

18  under the appropriate standards. The Designating Party must designate for protection

19  only those parts of material, documents, items, or oral or written communications that

20  qualify so that other portions of the material, documents, items, or communications for

21  which protection is not warranted are not swept unjustifiably within the ambit of this

22  Order.

23    Mass, indiscriminate, or routine designations are prohibited. Designations that

24  are shown to be clearly unjustified, or that have been made for an improper purpose

25  (e.g., to unnecessarily encumber the case development process or to impose

26  unnecessary expenses and burdens on other parties) may expose the Designating Party

27  to sanctions.

28    If it comes to a Designating Party's attention that information or items that it

6

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1  designated for protection do not qualify for protection, that Designating Party must

2  promptly notify all other parties that it is withdrawing the inapplicable designation.

3      5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

4  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated

5  or ordered, Disclosure or Discovery Material that qualifies for protection under this

6  Order must be clearly so designated before the material is disclosed or produced.

7      Designation in conformity with this Order requires:

8      (a)    For information in documentary form (e.g., paper or electronic

9  documents, but excluding transcripts of depositions or other pretrial or trial

10  proceedings), that the Producing Party affix at a minimum, the legend

11  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

12  contains protected material.  If only a portion or portions of the material on a page

13  qualifies for protection, the Producing Party also must clearly identify the protected

14  portion(s) (e.g., by making appropriate markings in the margins).

15      A Party or Non-Party that makes original documents available for inspection

16  need not designate them for protection until after the inspecting Party has indicated

17  which documents it would like copied and produced. During the inspection and before

18  the designation, all of the material made available for inspection shall be deemed

19  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

20  copied and produced, the Producing Party must determine which documents, or

21  portions thereof, qualify for protection under this Order.  Then, before producing the

22  specified documents, the Producing Party must affix the "CONFIDENTIAL legend"

23  to each page that contains Protected Material. If only a portion or portions of the

24  material on a page qualifies for protection, the Producing Party also must clearly

25  identify the protected portion(s) (e.g., by making appropriate markings in the margins).

26  Markings added to documents pursuant to this paragraph shall not obscure the content

27  or text of the documents produced.

28      (b)    for testimony given in depositions that the Designating Party

7

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

1  identify the Disclosure or Discovery Material on the record, before the close of the

2  deposition all protected testimony.  The court reporter must affix to each such transcript

3  page containing Protected Material the "CONFIDENTIAL legend", as instructed by

4  the Designating Party.

5           (c)    for information produced in some form other than documentary and

6  for any other tangible items, that the Producing Party affix in a prominent place on the

7  exterior of the container or containers in which the information or item is stored the

8  legend "CONFIDENTIAL."  If only a portions or portions of the information or item

9  warrant protection, the Producing Party, to the extent practicable, shall identify the

10  protected portion(s).

11      5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

12  failure to designate qualified information or items as "CONFIDENTIAL" does not,

13  standing alone, waive the Designating Party's right to secure protection under this

14  Stipulation and its associated Order for such material.  Upon timely correction of a

15  designation, the Receiving Party must make reasonable efforts to assure that the

16  material is treated in accordance with the provisions of this Order.

17      5.4    <u>Privilege Logs</u>.  If a party withholds information that is responsive to a

18  discovery request by claiming that it is privileged or otherwise protected from

19  discovery, that party shall promptly prepare and provide a privilege log that is

20  sufficiently detailed and informative for the opposing party to assess whether a

21  document's designation as privileged is justified.  *See* Fed. R. Civ. P. 26(b)(5).  The

22  privilege log shall set forth the privilege relied upon and specify separately for each

23  document or for each category of similarly situated documents:

24           (a)    the title and description of the document, including number of pages

25                  or Bates- number range;

26           (b)     the subject matter addressed in the document;

27           (c)    the identity and position of its author(s);

28           (d)    the identity and position of all addressees and recipients;

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

(e)     the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and

(f)     the specific basis for the claim that the document is privileged and protected.

Communications involving counsel that post-date the filing of the complaint need not be placed on a privilege log.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3     Failing informal resolution between parties, the Designating Party may file and serve a Motion for a Protective Order with the Court strictly pursuant to Local Rule 37, including the Joint Stipulation Procedure. The parties agree that if the Motion for Protective Order is filed within 21 days of the written challenge (subject to extension upon agreement of the Parties), the Material will retain its original designation until the Court rules on the Motion for a Protective Order. If the Designating Party does not file a motion within the 21-day period following a challenge, the material is no longer designated as CONFIDENTIAL INFORMATION for purposes of this Stipulation, but that change in designation does not bar the Producing Party from subsequently filing a motion for a protective order.

6.4     <u>Withdrawal of "CONFIDENTIAL" Designation</u>. At its discretion, a Designating Party may remove Protected Material from some or all of the protections and provisions of this Stipulated Protective Order at any time by any of the following methods:

(a)     Express Written Withdrawal. A Designating Party may withdraw a

9

1    "CONFIDENTIAL" designation made to any specified Protected Material from some

2    or all of the protections of this Stipulated Protective Order by an express withdrawal in

3    writing signed by the Designating Party or Designating Party's counsel (but not

4    including staff of such counsel) that specifies and itemizes the Disclosure or Discovery

5    Material previously designated as Protected Material that shall not longer be subject to

6    some or all of the provisions of this Stipulated Protective Order.  Such express

7    withdrawal shall be effective when transmitted or served upon the Receiving Party.  If

8    a Designating Party is withdrawing Protected Material from only some of the

9    provisions/protections of this Stipulated Protective Order, the Designating Party must

10    state which specific provisions are no longer to be enforced as to the specified material

11    for which confidentiality protection hereunder is withdrawn: otherwise, such

12    withdrawal shall be construed as a withdrawal of such material from all of the

13    protections/provisions of this Stipulated Protective Order;

14        (b)    Express Withdrawal on the Record.  A Designating Party may withdraw

15    a "CONFIDENTIAL" designation made to any specified Protected Material from all

16    of the provisions/protections of this Stipulated Protective Order by verbally consenting

17    in court proceedings on the record to such withdrawal – provided that such withdrawal

18    specifies the Disclosure or Discovery Material previously designated as Protected

19    Material shall no longer be subject to any of the provisions of this Stipulation and

20    Order;

21        (c)    Implicit Withdrawal by Publication or Failure to Oppose Challenge.  A

22    Designating Party shall be construed to have withdrawn a "CONFIDENTIAL"

23    designation made to any specified Protected Material from all of the

24    provisions/protections of this Stipulated Protective Order by either (1) making such

25    Protected Material part of the public record – including but not limited to attaching

26    such as exhibits to any filing with the court without moving, prior to such filing, for

27    the court to seal such records; or (2) failing to timely oppose a Challenging Party's

28    motion to remove a "CONFIDENTIAL" designation to specified Protected Material.

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions prescribed in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of such Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a

11

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

1  custodian or other person who otherwise possessed or knew the information;

2  (h)    during their depositions, witnesses, and attorneys for witnesses, in the

3  Action to whom disclosure is reasonably necessary provided: (1) the deposing party

4  requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will

5  not be permitted to keep any confidential information unless they sign the

6  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed

7  by the Designating Party or ordered by the court.  Pages of transcribed deposition

8  testimony or exhibits to depositions that reveal Protected Material may be separately

9  bound by the court reporter and may not be disclosed to anyone except as permitted

10  under this Stipulated Protective Order; and

11  (i)    any mediator or settlement officer, and their supporting personnel,

12  mutually agreed upon by any of the parties engaged in settlement discussions.

13  **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

14  **IN OTHER LITIGATION**

15  If a Party is served with a subpoena or a court order issued in other litigation that

16  compels disclosure of any information or items designated in this Action as

17  "CONFIDENTIAL," that Party must:

18  (a)  promptly notify in writing the Designating Party.  Such notification shall

19  include a copy of the subpoena or court order;

20  (b)  promptly notify in writing the party who caused the subpoena or order to

21  issue in the other litigation that some or all of the material covered by the subpoena or

22  order is subject to Protective Order.  Such notification shall include a copy of this

23  Stipulated Protective Order; and

24  (c)  cooperate with respect to all reasonable procedures sought to be pursued by

25  the Designating Party whose Protected Material may be affected.

26  If the Designating Party timely seeks a protective order, the Party served with

27  the subpoena or court order shall not produce any information designated in this action

28  as "CONFIDENTIAL" before a determination by the court from which the subpoena

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1    or order issued, unless the Party has obtained the Designating Party's permission. The

2    Designating Party shall bear the burden and expense of seeking protection in that court

3    of its confidential material and nothing in these provisions should be construed as

4    authorizing or encouraging a Receiving Party in this action to disobey a lawful directive

5    from another court.

6    **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

7         **PRODUCED IN THIS LITIGATION**

8         (a)    The terms of this Order are applicable to information produced by a Non-

9    Party in this Action and designated as "CONFIDENTIAL." Such information produced

10   by Non-Parties in connection with this litigation is protected by the remedies and relief

11   provided by this Order. Nothing in these provisions should be construed as prohibiting

12   a Non-Party from seeking additional protections.

13        (b)    In the event that a Party is required, by a valid discovery request, to

14   produce a Non-Party's confidential information in its possession, and the Party is

15   subject to an agreement with the Non-Party not to produce the Non-Party's confidential

16   information, then the Party shall:

17             (1)    promptly notify in writing the Requesting Party and the Non-Party

18   that some or all of the information requested is subject to a confidentiality agreement

19   with a Non-Party;

20             (2)    promptly provide the Non-Party with a copy of the Stipulated

21   Protective Order in this Action, the relevant discovery request(s), and a reasonably

22   specific description of the information requested; and

23             (3)    make the information requested available for inspection by the

24   Non-Party, if requested.

25        (c)    If the Non-Party fails to seek a protective order from this court within 14

26   days of receiving the notice and accompanying information, the Receiving Party may

27   produce the Non-Party's confidential information responsive to the discovery request.

28   If the Non-Party timely seeks a protective order, the Receiving Party shall not produce

any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12.    MISCELLANEOUS

12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek modification by the Court in the future.

[PROPOSED] STIPULATED PROTECTIVE ORDER

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing of Protected Material. A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute

[PROPOSED] STIPULATED PROTECTIVE ORDER

Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Respectfully submitted,

Dated: October 14, 2025          **GASTÉLUM LAW, APC**

By: /s/ *Denisse O. Gastélum*
Denisse O. Gastélum, Esq.
Selene Estrada-Villela, Esq.
Attorneys for Plaintiff L.L.

Dated: October 14, 2025          **CARRILLO LAW FIRM, LLP**

By: /s/ *Luis A. Carrillo*
Luis A. Carrillo, Esq.
Michael S. Carrillo, Esq
Attorneys for Plaintiff L.L.

Dated: October 14, 2025          **JORGENSEN & SALBERG, LLP**

By: /s/ *Richard A. Jorgensen*
Richard A. Jorgensen, Esq.
Attorneys for Defendant Diego Sanchez

Dated: October 14, 2025          **MANNING & KASS ELLROL, RAMIREZ, TRESTER LLP**

By: /s/ *Kayleigh Andersen*
Eugene P. Ramirez, Esq.
Kayleigh Andersen, Esq.
Eugene Hanrahan, Esq.
Attorneys for Defendants City of Beaumont, Beaumont Police Department and Chief Sean Thuilliez

16

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  **HAVING CONSIDERED THE STIPULATION OF THE PARTIES, AND**

2  **GOOD CAUSE APPEARING, IT IS SO ORDERED.**

3

4  DATE:  October 14, 2025  _____

5  The Hon. David T. Bristow

   Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

[PROPOSED] STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

18

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  \*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on

2  whose behalf the filing is submitted, concur in the filing's content and have

3  authorized the filing.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER